```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BIN GAO,                                                        REPORT AND
                            Plaintiff,                          RECOMMENDATION
              - against -
ABC CORP., et al.,                                              18-CV-2708 (ARR) (JO)
                            Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

For the reasons set forth below, I respectfully recommend that the court dismiss the plaintiff's claims against defendant Yifudi Lin. *See* Fed. R. Civ. P. 25(a)(1).

Plaintiff Bin Gao filed a complaint on May 7, 2018, alleging various violations against the defendants under the Fair Labor Standards Act and New York Labor Law. *See* Docket Entry ("DE") 1. On December 2, 2019, the defendants' counsel entered a suggestion of death on the record, reporting that defendant Yifudi Lin had died on or about November 26, 2019. *See* DE 56. I then ordered the plaintiff to file a motion for substitution no later than March 3, 2020. *See* Order dated December 3, 2019. I further noted that if no such motion was made by that date, the plaintiff's claims against defendant Yifudi Lin "must be dismissed." *See id.* (quoting Fed. R. Civ. P. 25(a)(1)). That deadline has passed without the plaintiff filing a timely motion for substitution.

When a party's death is suggested on the record, any party, or the decedent's representative, may ask the court to substitute a proper party for the decedent. "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1); *see also Kaplan v. Lehrer*, 173 F. App'x 934, 935-36 (2d Cir. 2006) (affirming the dismissal of the plaintiff's claims for failure to substitute a proper party after his death). A suggestion of death on the record may be filed by any person. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998) ("[T]he text of Rule 25(a)(1) contains no such restriction on who may file the statement."). "Though a court may extend the time to file the motion for

substitution for good cause pursuant to Rule 6(b), if no motion is made within the relevant time period, Rule 25 mandates that the claims 'must be dismissed.'" *See Bussey v. City of New York*, 2016 WL 3277363, at *1 (E.D.N.Y. May 23, 2016) (report and recommendation) (citation omitted), *adopted*, 2016 WL 3469843 (E.D.N.Y. June 14, 2016) (Ross, J.); *Bassy v. Faith Sec. Servs.*, 2014 WL 2212016, at *1 (E.D.N.Y. Jan. 17, 2014).

The defendants entered a suggestion of death on the record on December 3, 2019. *See* DE 56. The plaintiff's counsel received notice of the filing via e-mail from the court's electronic docketing system. Since then, no party has moved to substitute a proper party for the late defendant Lin. Accordingly, the plain language of the applicable rule compels dismissal of the plaintiff's claims as against Yifudi Lin.

For the reasons set forth above, I respectfully recommend that the court dismiss the plaintiff's claims as against defendant Yifudi Lin. Any objections to this Report and Recommendation must be filed no later than March 19, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
March 5, 2020

_____/s/_____
James Orenstein
U.S. Magistrate Judge